Filed 4/20/26  P. v. Helton CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>RICHARD HELTON,<br><br>    Defendant and Appellant. | C102545<br><br>(Super. Ct. No. 04F11425) |

In 2013, a jury found defendant Richard Helton guilty of several felonies, including attempted murder (Pen. Code, §§ 187/664).[1]  The trial court sentenced defendant to an aggregate term of 38 years to life.  Later, the trial court resentenced defendant under section 1172.75 to an aggregate term of 37 years to life, striking the prior prison term enhancement and reimposing the upper term based on defendant's criminal record.  Defendant appeals his resentencing.

Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asking this court to independently review the record to determine if there

---

[1]    Undesignated section references are to the Penal Code.

1

are any arguable errors that would result in a disposition more favorable to him. Although this is not defendant's first appeal as of right from his judgment of criminal conviction, we nonetheless exercised our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216, to review the record independently.

After independently reviewing the record, we found two arguable issues and requested supplemental briefing on (1) whether the trial court erred in reimposing the upper term, and (2) whether defendant's restitution fine must be vacated pursuant to section 1465.9. Having considered the parties' supplemental briefs, we conclude the trial court did not err in reimposing the upper term, and the restitution fine must be vacated.

We will modify the judgment to vacate the restitution fine and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Conviction and Original Sentencing*

In December 2004, defendant assaulted his live-in girlfriend, threatened to kill her, and strangled her until she passed out.

In June 2013, a jury found defendant guilty of attempted murder (§§ 187/664), inflicting corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)), battery with serious bodily injury (§ 243, subd. (d)), and making criminal threats (§ 422). The jury also found true great bodily injury enhancements as to the charges for attempted murder, inflicting corporal injury, and making criminal threats. (§ 12022.7, subd. (e).) Defendant separately admitted three prior serious felony enhancements (§ 667, subd. (a)), three prior strikes (§§ 667, subds. (b)-(i), 1170.12), and one prior prison term enhancement (former § 667.5, subd. (b)).

In July 2013, the trial court sentenced defendant to prison for 27 years to life plus 11 years, as follows: The upper term for attempted murder (nine years) tripled due to the prior strikes, five years for the great bodily injury enhancement, five years for the prior serious felony enhancement, and one year for the prior prison term enhancement. The

2

court stayed punishment on the remaining convictions pursuant to section 654. The court also imposed numerous fines and fees, including a $10,000 restitution fine (§ 1202.4, subd. (b)), a $178 main jail booking fee, and a $29 main jail classification fee. This court affirmed the judgment on appeal. (*People v. Helton* (Dec. 3, 2015, C074393) [nonpub. opn.].)

In 2022, following defendant's second appeal, this court modified the judgment to strike the $178 main jail booking fee and the $29 main jail classification fee pursuant to changes to Government Code, section 6111, subdivisions (a) and (b). (*People v. Helton* (Sept. 20, 2021, C090185) [nonpub. opn.].)[2] The trial court subsequently prepared an amended abstract of judgment reflecting that modification.

B.     *Recall and Resentencing*

In December 2023, defendant filed a petition for resentencing under sections 1170 and 1170.1, asking the trial court to strike the one-year prior prison term enhancement. The Department of Corrections and Rehabilitation also identified defendant as eligible for resentencing under section 1172.75, and the trial court appointed counsel and ordered briefing.

In his petition, defendant asked the trial court to strike his prior strikes, dismiss the punishment for the prior serious felonies, stay the punishment for the great bodily injury enhancements, and impose the middle term on the principal count. Defendant argued that his prior strikes were based on a single case that was now 47 years old, and his criminal history only included convictions from 1977, 2000, and 2004 (the current case). In addition, his sentence included multiple enhancements.

Defendant further argued he had been incarcerated for 20 years and was now a 72-year-old with medical issues and physical limitations (he used a walker), making him less

---

[2]     On our own motion, we take judicial notice of our prior opinion in *Helton, supra*, C090185. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

likely to reoffend or commit future violence. He also had been a "model prisoner," with only two rule violations, neither of which were for violence. Defendant engaged in educational, vocational, self-help, and substance abuse programs; he also had served in the army and was diagnosed with post-traumatic stress disorder.

Responding to defendant's petition, the People asked the trial court to strike the prior prison term enhancement but otherwise leave the sentence unchanged. According to the People, dismissing any of the other enhancements was not in the interest of justice and would endanger public safety. During his time in county jail, defendant received 12 "major write-ups," including two for assault/battery on another inmate. He also had an "extensive" criminal history, and most of his crimes victimized women.

The trial court heard defendant's petition in November 2024. After considering the parties' arguments and reviewing their evidence, the court struck the prior prison term enhancement but otherwise left the sentence unchanged. Addressing defendant's request to strike the prior strikes, the court observed that defendant committed his current crimes when he was 52 years old and had prior experience with the criminal justice system. Including his current convictions, defendant had nine felony convictions, including six strikes.

Defendant's first conviction was in the late 1970s for residential burglary, rape while armed with a deadly weapon, and sodomy. He was sentenced to over 30 years in prison. Once out of prison, defendant was convicted in 1995 of tampering with a vehicle. Shortly after his release, he was convicted of being a felon in possession of a firearm and sentenced to four years in prison. Soon after his release for that conviction, defendant violated parole and was sent to jail.

The trial court observed that defendant was "barely out of jail and still on parole when he tried to kill [the victim] in the current case." Despite these experiences, defendant "failed or refused to change his ways, and he left multiple victims in his path." As such, even though his prior strikes were 46 years old, defendant spent most of the time

4

between his convictions in prison. Thus, any remoteness was "negated" by defendant's "subsequent criminality and periods of imprisonment."

Moreover, the trial court observed, although defendant's strikes were from a single case, they did not stem from a single period of aberrant behavior because defendant continued committing violent crimes. The court acknowledged that defendant was now 72 years old; he served 20 of those years confined in this case, 11 of those years in prison. The court acknowledged defendant generally demonstrated good behavior in prison and engaged in rehabilitative programming. Still, striking any of defendant's prior strikes was not in the interest of justice because it would endanger the public, and defendant was not someone who fell outside the spirit of the Three Strikes law.

Turning to the enhancements, the trial court recognized that multiple enhancements had been alleged, and the prior serious felony was based on a conviction that was more than five years old. (§ 1385, subds. (c)(2)(B) & (c)(2)(H).) It was not, however, in the interest of justice to strike either enhancement because defendant posed a "serious danger" to society given his history of violent conduct, particularly against women.

Turning to the term for the principal count, the trial court explained it was "fully aware" of section 1170, subdivision (b)(2) and (6). Nevertheless, because the upper term was originally imposed, section 1172.75, subdivision (d)(4), allowed the court to reimpose the upper term even though the aggravating factors had not been proven under section 1170, subdivision (b)(2)'s new evidentiary standards. The upper term remained appropriate given defendant's "significant" criminal history, and because defendant served a prior prison term.

Defendant timely appealed.

DISCUSSION

I

A.      *Section 1172.75 Resentencing Proceedings*

Section 1172.75, effective in 2022, generally invalidates prior prison term enhancements imposed under section 667.5, former subdivision (b), with some exceptions not relevant here.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)  When presented with a person eligible for relief, a trial court shall "recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)  The statute requires the court to apply the sentencing rules of the Judicial Council, as well as "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  In addition, section 1172.75, subdivision (d)(4) provides:  "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (Italics added.)

B.      *Imposition of the Upper Term*

Defendant contends the trial court violated the Sixth Amendment of the United States Constitution by reimposing the upper term during the section 1172.75 resentencing proceeding "without the factors in aggravation being established beyond a reasonable doubt."  We disagree.

Under the Sixth Amendment, a person accused of a crime has the right to a trial by an impartial jury and to have each element of a crime proven to the jury beyond a reasonable doubt.  (U.S. Const., 6th Amend.; *Alleyne v. United States* (2013) 570 U.S. 99, 104; *Apprendi v. New Jersey* (2000) 530 U.S. 466, 476.)  In *Cunningham v. California* (2007) 549 U.S. 270, 274-275, the Supreme Court invalidated California's prior

6

determinate sentencing scheme (former § 1170), which at the time authorized the judge, not the jury, to find facts by a preponderance of the evidence exposing a defendant to an elevated upper term. In doing so, the court found that the Sixth Amendment requires "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." (*Cunningham*, at p. 281.) To avoid future Sixth Amendment violations, the Legislature amended section 1170, former subdivision (b), following *Cunningham* to provide that "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (Stats. 2007, ch. 3, § 2.) This was the version of former section 1170 that was in effect when defendant was originally sentenced to the upper term in 2013.

Effective January 1, 2022, Senate Bill No. 567 (2020-2021 Reg. Sess.) changed California's determinate sentencing laws by amending section 1170, subdivision (b) to prohibit imposition of an upper term sentence unless aggravating circumstances justify the upper term and the facts underlying those circumstances, other than a prior conviction, have been stipulated to by the defendant or found true beyond a reasonable doubt by the trier of fact in a jury or court trial. (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) The "bare fact" of a defendant's prior convictions may be tried by the court alone and proven by certified records of conviction. (*People v. Wiley* (2025) 17 Cal.5th 1069, 1086; accord § 1170, subd. (b)(3).)

In *People v. Lynch* (2024) 16 Cal.5th 730 our Supreme Court considered the application of amended section 1170, subdivision (b) to sentences imposed under the former law where the judgment was not yet final on appeal. (*Lynch*, at pp. 742-743.) Applying the amended statute retroactively, the court found that "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly

7

established. The violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* [*v. California* (1967) 386 U.S. 18] standard of review, the defendant is entitled to a remand for resentencing." (*Lynch*, at p. 768.)

Shortly before our Supreme Court decided *Lynch*, the United States Supreme Court decided *Erlinger v. United States* (2024) 602 U.S. 821. In *Erlinger*, the high court rejected the argument that the prior conviction exception to the Sixth Amendment "permits a judge to find perhaps any fact related to a defendant's past offenses, including whether [the defendant] committed them on different occasions" within the meaning of the Armed Career Criminal Act of 1984 (18 U.S.C. § 924(e)). (*Erlinger*, at pp. 836-837; *id.* at p. 825.) Instead, "a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Id.* at p. 838.)

Defendant argues, based on *Lynch* and *Erlinger*, that the trial court violated the Sixth Amendment by reimposing the upper term without complying with amended section 1170, subdivision (b), and that the error was prejudicial. We disagree.

As defendant recognizes, there is a split of authority on whether amended section 1170, subdivision (b)'s new proof requirements apply in a section 1172.75 resentencing proceeding where a defendant was originally sentenced to the upper term. (Compare *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458 with *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 328-329, 330.) Our Supreme Court is poised to resolve this split of authority. (*People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903, fully briefed.) Until then, as we explain below, we continue to find the analysis in *Brannon-Thompson* more persuasive.

8

In *Brannon-Thompson*, this court found that the plain language of section 1172.75, subdivision (d)(4) indicated the Legislature "intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*People v. Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466-467.) As such, section 1172.75, subdivision (d)(4) creates "an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*Brannon-Thompson*, at p. 467.)

Because the upper term had previously been imposed, under *Brannon-Thompson*, the trial court here could reimpose the upper term for attempted murder during the section 1172.75 resentencing without relying on any aggravating circumstances proven pursuant to section 1170, subdivision (b). As such, the trial court did not err in sentencing defendant to the upper term without any such circumstances.

Defendant urges us not to follow *Brannon-Thompson* and asks us to instead follow *Gonzalez*. The *Gonzalez* court "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." *(People v. Gonzalez*, *supra*, 107 Cal.App.5th at pp. 328-329.) However, the *Gonzalez* court feared, "reading an exemption into section 1172.75, subdivision (d)(4) . . . and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in [*People v. Lynch*, *supra*, 16 Cal.5th at p. 768]." (*Id*. at p. 330.)

We respectfully disagree with the *Gonzalez* court's analysis. Under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California*, *supra*, 549 U.S. at p. 281.) There is no dispute that, under *Lynch* and *Erlinger*, the additional factual determinations required to impose the upper term under

9

section 1170, subdivision (b), implicate the Sixth Amendment jury trial right.  As our Supreme Court explained, "[U]nder the current statute  the aggravating facts used to 'justify' an upper term sentence are 'necessary to [its] imposition,' [citation] and effectively function like elements of a crime."  (*People v. Lynch, supra*, 16 Cal.5th at p. 760.)  But, section 1172.75, subdivision (d)(4), "carves out an exception" to the factfinding requirements of section 1170, subdivision (b).  (*People v. Brannon-Thompson, supra*, 104 Cal.App.5th at p. 458.)  Because those factfinding requirements do not apply when reimposing the upper term at a section 1172.75 resentencing, the Sixth Amendment is not implicated.  (See *Lynch,* at p. 759 ["It is the requirement of additional factfinding that brings the Sixth Amendment into play"]; see also *id*. at p. 756 ["in this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].)

In short, the trial court did not err or violate the Sixth Amendment in reimposing the upper term on defendant's attempted murder count during the section 1172.75 resentencing proceeding.

C.    *Fines and Fees*

Defendant argues, and the People concede, that the restitution fine imposed should be vacated pursuant to section 1465.9.  We agree and accept the People's concession. Effective January 1, 2025, Assembly Bill No. 1186 (Stats. 2024, ch. 805, § 1) amended section 1465.9 to add subdivision (d), providing that any portion of a restitution fine under section 1465.9 that is not paid within 10 years cannot be collected upon.  (§ 1465.9, subd. (d); *In re Mattison* (2025) 115 Cal.App.5th 1062, 1066.)  The restitution fine here was originally imposed in July 2013, and defendant was resentenced in December 2023, more than 10 years later.  We therefore vacate the fine.

## DISPOSITION

We modify the judgment to vacate the $10,000 restitution fine pursuant to section 1465.9, subdivision (d).  The clerk of the Superior Court is directed to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment.  The judgment, as modified, is affirmed.


_____\s\_____
Krause, J.


We concur:


_____\s\_____
Duarte, Acting P. J.


_____\s\_____
Boulware Eurie, J.